Steven S. Vosbikian
VOSBIKIAN & VOSBIKIAN
Attorney for Plaintiff
1060 Kings Highway North
Suite 101
Cherry Hill, NJ 08034
T: (856) 755-1400; F (856) 755-1475
ssvosbikian@voslaw.com

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDNA AVILA (A NO.: 210-035-133)<br><br>     *Plaintiff,*<br><br>v.<br><br>ANTHONY BLINKEN in his official capacity as Secretary of the U.S. DEPARTMENT OF HOMELAND SECURITY<br><br>MERRICK GARLAND in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES<br><br>JOSH SHAPIRO in his official capacity as UNITED STATES ATTORNEY<br><br>TRACY RENAUD in her official capacity as Acting Director of the U.S. CITIZENSHIP & IMMIGRATION SERVICES<br><br>TONY BRYSON in his official capacity as District Director of the U.S. CITIZENSHIP & IMMIGRATION SERVICES (PHI., PA)<br><br>KATHLEEN BAUSMAN in her official capacity as Field Office Director of the U.S. CITIZENSHIP & IMMIGRATION SERVICES (PHI., PA)<br><br>JOHN DOE in his official capacity as an Officer with the U.S. CITIZENSHIP & IMMIGRATION SERVICES (PHI., PA)<br><br>     *Defendants.* | Case No.: 2:21-cv-2356<br><br><br>**COMPLAINT FOR WRIT IN NATURE OF MANDAMUS AND DECLARATORY JUDGMENT** |

**I.   INTRODUCTION**

Plaintiff, Edna Marcela AVILA, seeks an investigation and/or decision with respect to her N-400, Application for Naturalization.  Plaintiff files this complaint as a result of the United States Citizenship & Immigration Service's (USCIS) failure to properly adjudicate her application for naturalization.

Edna Marcela Avila is a foreign national of Colombia.  On October 01, 2011, Mrs. Avila obtained lawful permanent resident status.  On April 28, 2017, the USCIS received Mrs. Avila's N-400 application.  On February 20, 2018 she appeared for her interview.

Mrs. Avila alleges that during her interview, the adjudicating USCIS officer wrongfully accused her of fraud and kept all of her original documentation, despite her repeated objections.  Mrs. Avila thereafter received written correspondence from the USCIS that she had voluntarily withdrawn her application.  Mrs. Avila patently denies doing so.

Notwithstanding the putative withdraw, Mrs. Avila's case remains "active" when her receipt number is imputed on the USCIS online portal.

The plaintiff seeks that the USCIS provide an answer as to the actual status of her naturalization application.  If the application is pending, we ask that the USCIS render a decision.  If the application was withdrawn, we request that the USCIS investigate Mrs. Avila's allegations, which if true, warrant USCIS's *sua sponte* reopening of this matter for a proper adjudication.

## II.  JURISDICTION AND VENUE

1. Jurisdiction of the Court is predicated upon 28 U.S.C. §1331 and §1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Defendant.  The Court also has jurisdiction over the present action pursuant to 28 U.S.C. §2201, the Declaratory Judgment Act; 5 U.S.C. § 702, the Administrative Procedures Act; and 28 U.S.C. §361, regarding an action to compel an officer of the United States to perform his or her duty.

2. Venue is proper in this District under 28 U.S.C. §1319(e), because a substantial part of the events and omissions giving rise to the claim occurred in this district, and because Defendants operate within this district.

3. Relief is requested pursuant to 28 U.S.C. §2201 and §2202.

## III.  PARTIES

### Plaintiffs

4. Plaintiff, Edna Marcela AVILA, is a lawful permanent resident of the United States and resident of the state of Pennsylvania.  Plaintiff's N-400 application has been pending since October 01, 2011.  Plaintiff resides within the jurisdiction of this Court at 32329 Dexter Street, Philadelphia, PA 19128.  Plaintiff's claim to relief arises under 8 U.S.C. 1255.

### Defendants

5. Defendant Anthony Blinken is the Secretary for the United States Department of Homeland Security and is sued in his official capacity only.  Defendant Blinken is charged with the administration of the United States Citizenship and

Immigration Services ("USCIS") and implementing the Immigration and Nationality Act. 8 C.F.R. § 2.1.

6. Defendant Merrick Garland is the Attorney General for the United States. Defendant Garland is sued in his official capacity only.

7. Defendant Josh Shapiro is the United States Attorney for the State of Pennsylvania. Defendant Shapiro is sued in his official capacity only.

8. Defendant Tracy Renaud is the Director for the USCIS and is sued in her official capacity only. USCIS is a component of the Department of Homeland Security (DHS) that is responsible for adjudicating plaintiff's N-400, Application for Naturalization.

9. Defendant Tony Bronson is the District Director for the USCIS Philadelphia Office in Pennsylvania and is sued in his official capacity only. The Philadelphia Office is charged with administration of the Immigration and Nationality Act and the adjudication of applications filed by individuals residing in the Philadelphia area. Plaintiff's N-400, Application for Naturalization is currently pending (or was improperly withdrawn) and in the jurisdiction of the Philadelphia Field Office.

10. Defendant Kathleen Bausman is the Field Director for the USCIS Philadelphia, Pennsylvania Office and is sued in her official capacity only. The Philadelphia Field Office is charged with administration of the Immigration and Nationality Act and the adjudication of applications filed by individuals residing in the Philadelphia area. Plaintiff's N-400, Application for Naturalization is currently

pending and/or was improperly withdrawn and in the jurisdiction of the Philadelphia Field Office.

11. Defendant John Doe is the adjudicating USCIS Officer for the USCIS in Philadelphia and is sued in his official capacity only. A USCIS Officer is sworn and charged with administration of the Immigration and Nationality Act and the adjudication of applications filed by individuals residing in the Philadelphia area. Plaintiff's N-400, Application for Naturalization is currently pending and/or was improperly withdrawn and in the jurisdiction of the Philadelphia Field Office.

12. Defendant United States Department of Homeland Security is the department within which the USCIS adjudicates applications for naturalization. DHS operates within this district with headquarters in Washington, D.C.

13. Defendant United States Citizenship and Immigration Services is the component of DHS that adjudicates petitions for immediate relatives. USCIS operates within this district, with headquarters in Washington D.C.

## IV.    STATEMENT OF THE CASE

14. Edna Marcela Avila is a foreign national of Colombia. On October 01, 2011, Mrs. Avila obtained conditional lawful permanent resident status. Plaintiff obtained her status through marriage to a United States citizen. Plaintiff and her former spouse jointly petitioned the USCIS for plaintiff's removal of conditional status. Plaintiff's joint petition was approved.

15. Plaintiff has since divorced her former spouse. The marriage between the parties bore two (2) children.

16. On April 28, 2017, the USCIS received plaintiff's N-400 application. On February 20, 2018 plaintiff appeared for her interview.

17. Plaintiff alleges that during her interview, the adjudicating USCIS officer wrongfully accused her of fraud, kept her original documents, and withdrew her case without her consent.

18. Plaintiff alleges that the USCIS officer accused her of fraud. Plaintiff contends that the USCIS officer was unable to articulate what the actual fraud was. Plaintiff obtained her lawful status through marriage to a United States citizen, to which she had two children with. Certainly she cannot be accused of entering into a marriage for the purpose of evading or circumventing immigration law. Plaintiff was arrested for a DUI, however, the charges were dismissed thorough a pre-trial intervention program (ADR). Based upon plaintiff's background, it would not appear she has engaged in fraud.

19. Plaintiff contends that the USCIS officer refused to return her original documents, including her birth certificate and other important documentation. Plaintiff maintains she begged the officer to return the documents, but despite her pleading, plaintiff alleges the USCIS officer refused to return her original documents.

20. Lastly, plaintiff alleges that the USCIS withdrew her application without her consent. Plaintiff received a decision that she has signed a withdraw, however, plaintiff adamant denies signing any documentation that she withdrew her application. Plaintiff alleges that any withdraw of her application was executed without her consent.

21. Despite USCIS notice that plaintiff's application was withdraw, her case remains active when plaintiff's N-400 receipt number is imputed into the USCIS online portal. As such, plaintiff is unable to discern the status of her application.

22. Plaintiff further alleges that the USCIS officer made comments about her purse, remarking that he could recognize it was from Columbia. When asked about whether an attorney would be attending, plaintiff recalls she said she did not need an attorney, to which the officer responded, "we'll see about that!"

23. We ask that the USCIS investigate these allegations. If plaintiff's claims are found to have truth, we ask that the USCIS, on its *sua sponte* authority, reopen this matter so that it may be properly adjudicated. If this matter is still active we ask that the USCIS render a decision.

## V.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. Plaintiff has exercised reasonable means to ascertain the status of his case and has exhausted his administrative remedies. Plaintiff filed the aforementioned application and sought government action from that agency.

25. There is no administrative alternative to filing this complaint, and Plaintiff could otherwise be forced to wait indefinitely.

## VI.  FIRST ACTION OF CAUSE

26. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations above.

27. Defendants' improper adjudication and/or refusal to adjudicate plaintiffs' N-400, Application for Naturalization constitutes an unreasonable failure

to act in violation of the Administrative Procedures Act and denies Plaintiff's due process and equal protection of the laws guaranteed by the fifth amendment of the United States Constitution.

## VII. SECOND ACTION OF CAUSE

28. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations above.

29. Defendants' improper adjudication and/or refusal to adjudicate plaintiff's application violates the Immigration and Nationality Act, the Administrative Procedures Act, and the Constitution. Plaintiff has a clear right to the relief requested; Defendants have a clear duty pursuant to the Immigration and Nationality Act to adjudicate plaintiff's N-400, Application for Naturalization and there is no other adequate remedy available.

## PRAYER FOR RELIEF

The Plaintiff requests the Court to grant the following relief:

**A.** Order Defendants to reopen and investigate and/or adjudicate plaintiffs' N-400, Application for Naturalization, on or before sixty (60) days from the filing of this complaint, or within a reasonable period of time determined by this Court.

**B.** Retain jurisdiction during the adjudication of the N-400, Application for Naturalization in order to ensure compliance with the courts orders.

**C.** Award reasonable costs and attorney's fees; and

**D.** Grant such other relief as the court may deemed just and proper.

                Respectfully Submitted,

                VOSBIKIAN & VOSBIKIAN

By: _____
                STEVEN S. VOSBIKIAN
                Counsel for Plaintiff

Dated: May 24, 2021

**VERIFICATION**

I, Steven S. Vosbikian, being duly sworn upon oath, hereby state: I am the attorney representative of the plaintiff, Edna Avila, in this case and I verify that the information contained in the foregoing Petition is true and correct to the best of my knowledge and belief.

Respectfully Submitted,

VOSBIKIAN & VOSBIKIAN

By: _____
STEVEN S. VOSBIKIAN
Counsel for Plaintiff

Dated: May 24, 2021